UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN KELLY,

      Plaintiff,

                                  Case No. 05-74827
v.                                Hon. Gerald E. Rosen

ROBERT W. BIRD and
RYAN & REED, INC.,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    August 2, 2006

PRESENT: Honorable Gerald E. Rosen
                  United States District Judge

Plaintiff commenced this case in this Court on December 21, 2005, alleging in her complaint that the Court's subject matter jurisdiction rested upon her assertion of claims under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Before either Defendant had responded to the complaint, however, Plaintiff filed notices of voluntary dismissal in accordance with Fed. R. Civ. P. 41(a)(1), dismissing her claims against Defendant Bird with prejudice and her claims against Defendant Ryan & Reed without prejudice. Neither of these one-sentence notices included any reference to any settlement agreement reached with either Defendant.

By motion filed on July 27, 2006, Plaintiff now seeks the entry of a judgment against Defendant Ryan & Reed. The stated basis for this motion is that this Defendant has failed to make one of the required payments under the parties' settlement agreement, which apparently was executed shortly before Plaintiff filed her notices of voluntary dismissal. Under the terms of this agreement, Plaintiff was authorized to "apply to the Clerk of the Court for Judgment against Ryan & Reed" in the event that this Defendant "fail[ed] to make its payments timely" in accordance with a schedule of payments set forth in the agreement. (Plaintiff's Motion, Ex. A, Settlement Agreement at ¶ 2.) In Plaintiff's view, this provision entitles her to the entry of a judgment by this Court in the amount of the unpaid balance plus $750.00 in liquidated damages.

Plaintiff is mistaken. As the Supreme Court has held under similar facts, the federal courts lack subject matter jurisdiction over claimed breaches of a settlement agreement, even one that "has as part of its consideration the dismissal of a case before a federal court," absent either (i) language in the federal court's order of dismissal that retains the court's jurisdiction over enforcement of the settlement agreement, or (ii) "some independent basis for federal jurisdiction" over the parties' breach-of-contract dispute. Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 380-82, 114 S. Ct. 1673, 1676-77 (1994). In that case, the district court entered a stipulated order of dismissal under Rule 41(a)(1) after the parties had placed the terms of their settlement on the record, but the court's order "did not reserve jurisdiction in the District Court to enforce the settlement agreement" or otherwise "refer to the settlement agreement."

Kokkonen, 511 U.S. at 376-77, 114 S. Ct. at 1675.  When a dispute subsequently arose concerning the parties' obligations under their settlement agreement, the district court resolved this dispute via an "enforcement order" entered pursuant to its "inherent power." 511 U.S. at 377, 114 S. Ct. at 1675.  The Supreme Court reversed, holding that the district court lacked any jurisdictional basis to enforce the terms of the parties' settlement agreement.  511 U.S. at 380-82, 114 S. Ct. at 1676-77.

     The ruling in Kokkonen applies with full force here.  The notice of voluntary dismissal filed by Plaintiff in this case, like the stipulated order of dismissal entered by the district court in Kokkonen, neither reserved the Court's jurisdiction to enforce the parties' settlement agreement nor otherwise incorporated (or even referred to) the terms of this agreement.  Indeed, while the district court in Kokkonen at least was aware of (and apparently had approved of) the terms of the parties' settlement agreement, see Kokkonen, 511 U.S. at 381, 114 S. Ct. at 1677, nothing in the record in this case would have alerted this Court to the existence, much less the terms, of any settlement agreement between Plaintiff and Defendants.  Moreover, because Plaintiff dismissed her claims through a voluntary notice under Rule 41(a)(1)(i), this Court had no occasion to enter an order of dismissal, much less one in which the Court retained jurisdiction to enforce the terms of any settlement agreement.  It readily follows that nothing in the record provides any ground for the Court to exercise jurisdiction over a claimed breach of any such settlement agreement or to otherwise enforce the terms of such an agreement.

     This leaves only the possibility of some independent basis for the Court to exercise

3

jurisdiction over Defendant's purported breach of the parties' settlement agreement. No such jurisdictional ground is evident, however. While the settlement contract at issue flowed from the claims asserted in this case and brought about Plaintiff's notice of voluntary dismissal, "[n]o federal statute makes th[ose] connection[s] . . . the basis for federal-court jurisdiction over the contract dispute." Kokkonen, 511 U.S. at 381, 114 S. Ct. at 1677. Rather, state law presumably governs this dispute, and, even if the parties were of diverse citizenship, the claimed $1,375.00 amount in controversy would not meet the statutory threshold for diversity jurisdiction. See 28 U.S.C. § 1332(a). Neither is there any jurisdictional significance in the dismissal "without prejudice" of Plaintiff's claims against Defendant Ryan & Reed.[1] While this presumably would permit the Court to reopen the case for the purpose of adjudicating Plaintiff's substantive claims on the merits, this is not what Plaintiff seeks through the present motion. Rather, she requests "[e]nforcement of the settlement agreement," which is "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen, 511 U.S. at 378, 114 S. Ct. at 1675-76.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 27, 2006 Motion for Entry of Judgment is DENIED.

---

[1] For what it is worth, the Court notes that the parties' settlement agreement seemingly called for Plaintiff to file her notice of dismissal only *after* she had received all of the required payments from Defendant Ryan & Reed. (See Plaintiff's Motion, Ex. A, Settlement Agreement at ¶¶ 1(e), 5.) Instead, Plaintiff filed her notices of dismissal shortly after the execution of the settlement agreement, and while payments still remained due from Ryan & Reed.

                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated: August 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2006, by electronic and/or ordinary mail.

                              s/V. Sims for LaShawn R. Saulsberry
                              Case Manager